# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| v. | ) | **I.D. No.** 1302002915 |
| | ) | |
| **JEFFREY KENT** | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 25, 2017
Decided: September 5, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Abby Adams, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Patrick Collins, Esquire and Matthew Buckworth, Esquire, Collins & Associates, Wilmington, DE, counsel for Jeffery Kent.

**MAYER,** Commissioner

This 5th day of September, 2017, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2014, after a jury trial, Defendant, Jeffery Kent, was found guilty of Murder in the First Degree and Possession of a Firearm During the Commission of a Felony. The charges stem from an incident that occurred on June 30, 2011, when Dewey Lee ("Lee") stopped at an intersection and a man on a bicycle approached the car and shot Lee.[1] Lee's vehicle then accelerated down the road and struck a utility pole. The man on the bicycle fled. Three eyewitnesses identified Defendant as the man on the bicycle. All three testified at trial for the State and identified Defendant as the shooter. Defendant also presented several witnesses in his defense in an attempt to contradict or impeach the State's witnesses' testimony.

After Defendant's conviction, Trial Counsel filed a motion for judgment of acquittal and a motion for new trial that were subsequently denied.[2] Defendant also filed an appeal and a mandate was filed by the Supreme Court, *en banc*, affirming

---

[1] The facts recited herein were taken from the Delaware Supreme Court's Order of March 11, 2016 (D.I. # 72).

[2] *See* D.I. #s 50-57.

1

the Superior Court judgment of conviction.[3]  Defendant then filed a *pro se* Motion for Postconviction Relief on April 11, 2016.  Counsel was appointed to represent Defendant through the postconviction process ("Counsel").  The record was enlarged and Counsel has submitted an Amended Motion for Postconviction Relief (the "Motion"), Trial Counsel[4] submitted an Affidavit responding to the allegations, the State of Delaware responded to the Motion, and Defendant filed a reply.[5]

The Motion originally presented three claims for postconviction relief. However, since the filing of the Motion, Defendant has had an opportunity, with the assistance of Counsel, to review the record further and has withdrawn Claims I and II.[6]  Defendant continues to press Claim III which is an argument that Trial Counsel was ineffective for failing to call Siron Chambers ("Chambers") as a witness at trial.

According to the Motion, Chambers was interviewed by police on July 3, 2011 with respect to this case.  Chambers indicated that at the time of the incident, he was at his residence, heard noises, saw a truck crash, but did not see Defendant

---

[3]  D.I. # 72.

[4]  Defendant was aided at trial by two attorneys from the Office of Defense Services that filed a "joint" Affidavit and will collectively be referred to herein as "Trial Counsel".

[5]  *See* D.I. #s 87-92.

[6]  *See* D.I. # 92.  As these claims are withdrawn they will be deemed waived and I will not address them further herein.

(someone he was familiar with) in the area.[7] Chambers also admitted that he, and a friend, attempted to steal the victim's wallet but others arriving on the scene stopped him.[8] Defendant asserts that if Chambers had been called at trial, his admission that he attempted to rob the victim, could have cast reasonable doubt on Defendant's guilt especially in light of the fact that Chambers did not see Defendant at the scene. Defendant concedes that Chambers would likely have asserted his Fifth Amendment privilege against self-incrimination and may have refused to testify. Despite this, Defendant believes Trial Counsel's failure to call Chambers as a witness fell below an objective standard of reasonableness.

## CONCLUSIONS OF LAW

Prior to ruling on a motion for post-conviction relief, the Court must first determine whether there are any procedural bars before considering the merits of the claims.[9] Defendant's Motion was timely filed,[10] this is Defendant's first motion for postconviction relief and since Defendant raises a claim of ineffective assistance of counsel that could not have been litigated earlier, the other procedural bars do not

---

[7] Appendix at A690-92, A712-713, A700-01.

[8] Appendix at A703, A712, A717.

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[10] Super. Ct. Crim. R. 61(i)(1).

3

apply to bar the claim.[11]

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that but for the errors, there is a reasonable probability that the outcome of the proceedings would have been different.[12] Defendant must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[13] Defendant must also show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.[14] "A defense attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."[15] Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual

---

[11] *See* Super. Ct. Crim. R. 61(i)(2), (3) and (4).

[12] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[13] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super., 1994) (citations omitted).

[14] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012).

[15] *Id* (holding defense counsel provided active and capable advocacy when evidence against Defendant was overwhelming) (citing *Harrington v. Richter*, 131 S. Ct. 770, 787-792 (2011)).

4

prejudice.[16] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[17] Additionally, it is the attorney's "right to decide certain strategic and tactical decisions, including what witnesses to call, whether and how to conduct cross-examination, what trial motions should be made, and what evidence should be introduced."[18] When judging a claim of ineffectiveness, the benchmark is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[19]

Trial Counsel attests that they did not call Chambers as a witness because counsel "believed he could be a potential suspect for the jury to consider as the shooter."[20] The State also argues Defendant has taken certain statements of the witness out of context, and I agree. A review of the police interview transcript shows that Chambers did not see the incident, but his family member identified

---

[16] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[17] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[18] *State v. Cooke*, 2010 WL 3734113, at * 16 (Del. Super. Aug. 19, 2010) (internal citations omitted). *See also Cooke v. State*, 977 A.2d 803, 840-841 (Del. 2009).

[19] *State v. Wright*, 2015 WL 648818 (Del. Super. Feb. 12, 2015) (citations omitted).

[20] D.I. # 90.

5

Defendant as the possible shooter.[21] Throughout the interview, Chambers repeatedly states that he was "high," that he does "so much drugs" and cannot remember the night very well.[22] He also believes it took him at least 4-5 minutes from the time he heard the crash to get to the scene.[23] He claims he didn't see Defendant out there, but also stated "He usually high, he usually -, he probably blended in with the crowd all high (UI) you know or he probably ran (UI)."[24] If Chambers testified at trial consistent with his interview,[25] then it is likely that the testimony could have either (i) implicated Defendant in the shooting; (ii) provided no help to Defendant because the witness's recollection was unreliable; (iii) established a time period of 4-5 minutes when Defendant could have run from the scene; or (iv) all of the above.

A reviewing court should not second-guess the strategy of trial counsel.[26] Defendant has proffered the *possibility* of a different outcome but has not met the

---

[21] *See e.g.* Appendix at A682, A701, A708, A725, A728.

[22] *See e.g.* Appendix at A691, A694, A713.

[23] Appendix at A712.

[24] Appendix at A713.

[25] Of note, on August 25, 2014, a subpoena was attempted to be served by the Sheriff upon Siron Chambers but was returned *non est inventus*. D.I. # 25.

[26] *Strickland*, 466 U.S. at 691.

6

high burden to overcome the strong presumption that Trial Counsel's strategy was professionally reasonable nor has Defendant established a *reasonable probability* that the outcome would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[27] In *Harrington v. Richter*, the United States Supreme Court cautioned that ineffective-assistance claims should be applied with "scrupulous care" to avoid a post-trial inquiry that threatens the integrity of the adversary process.[28] "Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge."[29] In light of the evidence presented, including three eye witnesses that identified Defendant as the shooter, the potentially weak and unreliability of Chambers' testimony, and the great weight and deference given to tactical decisions by the trial attorney, it was not objectively unreasonable for trial counsel to pursue the selected strategy.

---

[27] *Harrington v. Richter*, 562 U.S. 86, 104 (2011), quoting *Strickland*, 466 U.S. at 694.

[28] *Id.* at 105 (internal citations omitted).

[29] *Id.*

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

_____
Commissioner Katharine L. Mayer

oc:   Prothonotary
cc:   Abby Adams, Deputy Attorney General, Esquire
       Patrick Collins, Esquire

8